MURPHY OIL COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47509. Promulgated January 7, 1936.

*Thomas R. Dempsey, Esq.,* for the petitioner.
*M. B. Leming, Esq.,* for the respondent.

ARUNDELL: The respondent determined deficiencies in income tax for the years 1924 and 1925 in the respective amounts of $38,753.26 and $3,522.61. The deficiency for 1925 has been stipulated. The parties have also stipulated that in respect to petitioner's property known as the Whittier property the petitioner is entitled to a depletion deduction for the year 1924 in the amount of $32,874.82.

The remaining issue concerns the deduction for depletion of petitioner's so-called "Coyote property." The respondent concedes a depletion allowance of $396,117.75, that sum being equal to 50 percent of the net income from the entire Coyote property, determined without allowance for depletion. The petitioner claims a deduction of $547,745.66. The issue is whether the respondent was right in limiting the depletion allowance to 50 percent of net income from the entire property or whether the allowance should be based on March 1, 1913, value, plus subsequent costs without regard to net income, plus an additional allowance based on discoveries in 1918 and 1924.

The facts have been stipulated. The stipulation is by reference made a part of this report and only the salient facts are set out herein. The petitioner, a corporation, on March 1, 1913, owned a tract of land, generally known as the Coyote property, comprising about 2,520 acres in Los Angeles and Orange Counties, California. On March 1, 1913, there were 7 producing oil wells on the property, which proved approximately 730 acres. The respondent allowed a value of the proven area as of March 1, 1913, as a basis for depletion. In 1918 two discovery wells were drilled on the property outside of the March 1, 1913, proven area. As a result of these discoveries the petitioner is entitled to additional depletable value of $2,549,626.82 on the basis of estimated reserves in the discovery area of 2,870,554 barrels. In 1924 an additional discovery was made on the above property in a deeper sand for which the petitioner is entitled to an additional depletable value of $2,637,231.25 and additional reserves of 3,102,625 barrels. The petitioner made additions to cost with respect to the above property in 1918 and 1919 of $17,997.03 and $93,469.85, respectively. Depletion sustained in 1924 computed without the application of the limitation prescribed in the revenue act, and based upon the March 1, 1913, value plus subsequent cost plus discovery appreciation was $547,745.66. For the year 1924 the petitioner sustained depletion on the March 1, 1913, value and subsequent cost in the amount of $221,290.10. Of this amount $3,184.83 represents costs capitalized in 1918 and 1919.

The petitioner's gross income from the Coyote property in 1924 was $862,101.33. Its deductible expenses were $69,865.83, leaving a net income of $792,235.50. The deduction for depletion as now

conceded by the respondent at the rate of 50 percent of the net income amounts to $396,117.75.

The allowance for depletion is to be determined under section 204 (c) of the Revenue Act of 1924, which provides as follows:

(c) The basis upon which depletion, exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the same as is provided in subdivision (a) or (b) for the purpose of determining the gain or loss upon the sale or other disposition of such property, except that in the case of mines, oil and gas wells, discovered by the taxpayer after February 28, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the basis for depletion shall be the fair market value of *the property* at the date of discovery or within thirty days thereafter; but such depletion allowance based on discovery value shall not exceed 50 per centum of the net income (computed without allowance for depletion (from *the property* upon which the discovery was made, except that in no case shall the depletion allowance be less than it would be if computed without reference to discovery value. [Italics supplied.]

The controversy is whether, under this statute, the petitioner may have a depletion deduction based on the discovery value of wells brought in in 1918 and 1924 in addition to a deduction based on March 1, 1913, value plus subsequent costs of a proven area within the same tract as the discovery wells.

The parties have stipulated the depletion sustained to amount to $547,745.66. This amount applies to the entire property and there is no segregation of it as between the original proven area and the discovery property. Schedules attached to the stipulation show the depletion sustained on March 1, 1913, value of the proven area plus subsequent cost to be $221,290.10. By the process of subtraction, the petitioner computes depletion sustained on the discovery property to be $326,455.56. Now, the petitioner's position is that it is entitled to a deduction of the sum of these figures or $547,745.66. The error in that position lies in the fact that depletion sustained is not necessarily the same thing as depletion allowable under the taxing statute. Of course, where depletion allowable is based on cost or March 1, 1913, value, it is in the same amount as the depletion sustained. But where resort is had to an arbitrary method such as the discovery basis under the Revenue Act of 1924 or the percentage of income method under the later revenue acts, the two are not the same except by coincidence. In this case, the petitioner uses the same figure, $326,455.56, as being both the depletion sustained and the depletion allowable, and seeks to bolster its view in this respect by pointing out that that amount is not in excess of 50 percent of net income. There the petitioner runs into difficulty. For one purpose it seeks to have the words " the property " limited to the discovery property and for another purpose it uses those words as embracing both the proven area and the discovery wells. That is to say, for the purpose

of supporting its view that the depletion sustained in the amount of $326,455.56 is the depletion allowable, it segregates the oil land into proven property and discovery property and says that the latter is " the property " within the meaning of the statute. When it comes to determining whether this figure is within the 50 percent limitation, the petitioner does not make a similar segregation, but treats the income from the entire tract, embracing both the proven area and discovery area, as being the income from " the property." This, we think, it can not do. See *Houston Products Co.* v. *United States*, 4 Fed. Supp. 715; to the effect that discovery depletion is limited to a percentage " of the net income from the discovery properties." Assuming without deciding that deductible depletion may be computed on cost as to part of a particular tract and on discovery valuation on another part of the tract, this petitioner does not give enough facts upon which such computation can be made. It has omitted the very essential element of the amount of income from the discovery property which must be shown in order to determine, under the petitioner's theory, whether the depletion sustained on a discovery basis is within the statutory limitation. Presumably some of the income was from the discovery property, but whether or not it was sufficient to permit of an allowance of $326,455.56, as claimed, we do not know.

The amount that the respondent now concedes to be allowable as a depletion deduction apparently gives the petitioner much more than the depletion allowable based on cost, and under the circumstances here we can not say that the amount now conceded does not give the petitioner the reasonable allowance contemplated by statute.

*Decision will be entered under Rule 50.*